IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES D. ROSE,**

    **Petitioner,**

    vs.                                Civil Action 2:16-cv-630
                                              Criminal No. 2:13-cr-170
                                              JUDGE ALGENON L. MARBLEY
                                              Magistrate Judge King

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner, has filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. This matter is now before the Court on the *Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28 United States Code Section 2255*, ECF No. 48 ("*Motion to Vacate*"), *Respondent's Answer in Opposition to Petitioner's Motion pursuant to 28 U.S.C. § 2255*, ECF No. 50, the exhibits of the parties, and the record in this action. For the reasons stated herein, it is recommended that the *Motion to Vacate* be dismissed as without merit.

    Petitioner was convicted, pursuant to a plea agreement, on one count of conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii). *Information*, ECF No. 27; *Plea Agreement*, ECF No. 28. In December 2013, the Court sentenced Petitioner to the mandatory minimum term of 120 months' imprisonment. *Judgment*, ECF No. 42. Petitioner did not file an appeal from that judgment.

1

In his *Motion to Vacate*, Petitioner notes that, because of his criminal history, the presentence report characterized him as a career offender under the United States Sentencing Guidelines ("USSG" or "the Guideline").[1] Petitioner argues that that characterization is unconstitutional, that his sentence should therefore be vacated, and that he should be returned for re-sentencing. *Motion to Vacate*.

In making this argument, Petitioner refers to *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015), which held that the "residual clause" of 18 U.S.C. § § 924(e)(2)(B)(ii) is unconstitutionally vague, and to *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), which held that the identical language in USSG § 4B1.2(a)(2) is similarly unconstitutionally vague.[2] However, Petitioner's argument is based on a fundamental misunderstanding of the applicable facts.

In the *Plea Agreement*, the parties agreed to a total offense level of 34. *Plea Agreement*, ¶ 9(b). The presentence report assigned a total offense level of 34 but assigned a criminal history category of VI because Petitioner qualified as a career offender under USSG § 4.B1.1, thus resulting in a Guideline sentencing range of 262 – 327 months' imprisonment. *Presentence Report* ¶ 86. However, in addressing

---

[1] USSG §4B1.1(a) increases the Guideline range of a person who was convicted of a "crime of violence" or a "controlled substance offense" and who has at least two prior such felony convictions. USSG § 4B1.2 defines, *inter alia*, the term "crime of violence" and includes a residual clause.

[2] The United States Supreme Court is currently considering whether the issue addressed in *Pawlak* may be retroactively applied when raised in cases, such as this, on collateral review. *Beckles v. United States*, No. 15-8544, — U.S. —, 2016 WL 1029080 (U.S. June 27, 2016). Ordinarily, cases raising this issue should be held in abeyance pending the Supreme Court's resolution of the issue in *Beckles*. *See In re Embry*, 831 F.3d 377 (6th Cir. 2016). However, because the Court determines that *Pawlak* is inapplicable to Petitioner's case, the Court will not order that this case be held in abeyance.

the appropriate sentence in the case, the United States agreed that Petitioner's criminal history category should be IV and that the Guideline career offender enhancement ought not be applied. *Motion*, ECF No. 40. *See also Defendant James D. Rose's Sentencing Memorandum Filed under Seal*, ECF No. 41, PageID# 65 (reflecting defendant's understanding that "the U.S. Attorney plans to request this Court not apply the enhancement under § 4B1.1."). The United States recommended a sentence of 135 months based on a sentencing range of 135-168 months. *Motion.* Instead, however, the Court actually assigned a total offense level of 28 and a criminal history category of IV, which resulted in a recommended sentencing range of 110 – 137 months. As noted *supra*, the actual sentence imposed was 120 months. *Judgment.* This was the mandatory minimum sentence required by the statute under which Petitioner was convicted. 21 U.S.C. § 841(b)(1)(A)(ii).

It is therefore clear that Petitioner was not sentenced as a career offender under the Guideline. The fact that the presentence report characterized him as a career offender under USSG §4B1.1(a)is therefore entirely irrelevant to his actual sentence. Accordingly, the *Motion to Vacate*, which is based on the alleged invalidity of USSG §4B1.1(a), is without merit.

It is therefore **RECOMMENDED** that the *Motion to Vacate*, ECF No. 48, be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

3

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                    United States Magistrate Judge

Date: November 10, 2016